Hector Rafael GUTIERREZ, AKA
Hector Rafael Gutierrez
Montoya, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 15-71485

United States Court of Appeals,
Ninth Circuit.

---

Submitted December 14, 2016 *

Filed December 20, 2016

Carlos Alfredo Cruz, Esquire, Attorney, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner

Brendan Paul Hogan, Esquire, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Hector Rafael Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") order denying a continuance and entering an order of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo constitutional claims. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion or violate due process by denying Gutierrez' motion for a continuance to seek post-conviction relief for failure to establish good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause). Gutierrez' conviction was final for immigration purposes, the possibility of post-conviction relief was speculative at

the time of his last hearing, and he failed to submit any evidence with his appeal or after that his conviction had been vacated. *See Sandoval–Luna*, 526 F.3d at 1247 (the denial of a continuance was within the agency's discretion where relief was not immediately available to petitioner); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice). Gutierrez' contention that the IJ denied the continuance based solely on case completion goals is belied by the record.

The record does not support Gutierrez' contention that the agency failed to address his arguments or failed to provide sufficient reasoning and analysis. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency must "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.